**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> COCA-COLA BEVERAGES NORTHEAST, INC., <br><br> Defendant. | Civil Action No.: 1:26-cv-00115-PB-AJ |

---

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S RESPONSE IN
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

---

**TABLE OF CONTENTS**

I.    Preliminary Statement...............................................................................................1

II.   Pertinent Facts Alleged in the Complaint..............................................................1

III.  Governing Legal Standards .....................................................................................2

IV.   Argument .................................................................................................................3

   A. The Complaint Sufficiently Pleads That Male Employees Suffered Harm By
      Being Intentionally Excluded from an Employer-Sponsored Event Based on Their
      Sex. ......................................................................................................................3

      1.   The Complaint Comports with the Muldrow Decision.............................3

      2.   Defendant's Cases Demonstrate That Denial of the Motion is Appropriate. .........6

   B. The "Prayer for Relief" for Punitive Damages is not Subject to Dismissal under
      Rule 12(b)(6). ......................................................................................................7

   C. Defendant's Disputes About the Facts Alleged and Attempts to Justify an
      Intentional Sex-Based Decision Do Not Challenge the Sufficiency of the
      Pleading. ..............................................................................................................9

V.    Conclusion .............................................................................................................12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. Napolitano*,
  943 F. Supp. 2d 40 (D.D.C. 2013) ................................................................................6

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..............................................................................................2, 6, 9

*Barbera v. Metro-Dade County Fire Dep't.*,
  117 F. Supp. 2d 1331 (S.D. Fla. 2000) .................................................................10, 11

*Bell Atlantic v. Twombly*,
  550 U.S. 544 (2007) ..........................................................................................2, 3, 6, 9

*Biglow v. Boeing Co.*,
  182 F. Supp. 2d 1037 (D. Kan. 2001) ..........................................................................6

*Blackstone Realty LLC v. F.D.I.C.*,
  244 F.3d 193 (1st Cir. 2001) .......................................................................................10

*Brown v. FCA US LLC*,
  No. 25-1405, 2025 WL 3657226 (6th Cir. Dec. 17, 2025) .......................................6, 7

*Che v. Massachusetts Bay Transp. Auth.*,
  342 F.3d 31 (1st Cir. 2003) ...........................................................................................8

*Criado v. IBM Corp.*,
  145 F.3d 437 (1st Cir. 1998) .........................................................................................8

*D.V.D. v. U.S. Dep't of Homeland Sec.*,
  No. CV 25-10676-BEM, 2026 WL 521557 (D. Mass. Feb. 25, 2026) ..........................8

*DiMarco–Zappa v. Cabanillas*,
  238 F.3d 25 (1st Cir. 2001) ...........................................................................................8

*Doria v. Cramer Rosenthal McGlynn, Inc.*,
  942 F. Supp. 937 (S.D.N.Y. 1996) ...............................................................................6

*Facet Tech. Corp. v. TomTom Int'l B.V.*,
  No. 24-CV-00111-PB, 2025 WL 315390 (D.N.H. Jan. 28, 2025) ..............................10

*Ferdinando Ins. Assocs., Inc. v. Inst. of Pro. Prac., Inc.*,
  No. C-93-83-B, 1994 WL 253377 (D.N.H. Mar. 21, 1994) ..........................................9

*Freeman v. Town of Hudson*,
  714 F.3d 29 (1st Cir. 2013).........................................................................................................9

*Garcia–Catalan v. United States*,
  734 F.3d 100 (1st Cir. 2013).......................................................................................................6

*Gorski v. New Hampshire Dep't of Corrections*,
  290 F. 3d 466 (1st Cir. 2002)......................................................................................................3

*Harris v. Forklift Sys., Inc.*,
  510 U.S. 17 (1993).......................................................................................................................5

*Iqbal. Rodríguez-Reyes v. Molina-Rodríguez*,
  711 F.3d 49 (1st Cir. 2013)..........................................................................................................3

*Johnson v. Rapid Sheet Metal, LLC*,
  560 F. Supp. 3d 623 (D.N.H. 2020).............................................................................................7

*Kmart Corp. v. Seguros Triple-S, Inc.*,
  No. CIV. 12-1626C-CC, 2013 WL 4647564 (D.P.R. Aug. 28, 2013).....................................10

*LeBlanc v. Banterra Bank*,
  No. 24-CV-352-LM-AJ, 2025 WL 1295284 (D.N.H. Feb. 28, 2025).......................................8

*Mckeon v. Robert Reiser & Co., Inc.*,
  693 F. Supp. 3d 101 (D. Mass. 2023) .........................................................................................5

*Menchu v. Multnomah Cnty. Health Dep't*,
  No. 3:20-CV-00559-AR, 2024 WL 4242514 (D. Or. Aug. 16, 2024).......................................6

*Mills v. Amazon.com Servs., LLC*,
  No. 24-CV-0188-CVE-CDL, 2025 WL 861381 (N.D. Okla. Mar. 19, 2025).......................6, 7

*Mount Prospect Acad., Inc. v. Philadelphia Indem. Ins. Co.*,
  No. 25-CV-056-LM-AJ, 2026 WL 686358 (D.N.H. Mar. 11, 2026) ........................................8

*Muldrow v. City of St. Louis, Missouri*,
  601 U.S. 346 (2024)..........................................................................................................1, 3, 4, 5

*Raso v. Lago*,
  958 F. Supp. 686 (D. Mass. 1997) ......................................................................................10, 11

*Ruiz v. Bally Total Fitness Holding Corp.*,
  496 F. 3d 1 (1st Cir. 2007)...........................................................................................................3

*Shuford v. Alabama State Bd. Of Educ.*,
  897 F. Supp. 1535 (M.D. Ala. 1995) ..................................................................................10, 11

*Sisco v. DLA Piper LLP*,
    833 F. Supp. 2d 133 (D. Mass. 2011) ..................................................................3

*Staton v. DeJoy*,
    No. 1:23-CV-03223-SBP, 2025 WL 42821 (D. Colo. Jan 7, 2025) .........................5

*Strong v. Fort Myer Constr. Corp.*,
    No. CV 25-1011 (SLS), 2025 WL 2643457 (D.D.C. Sept. 15, 2025).......................7

*Swierkiewicz v. Sorema N.A.*,
    534 U.S. 506 (2002)................................................................................................3

*Thomas v. JBS Green Bay, Inc.*,
    120 F.4th 1335 (7th Cir. 2024) ...............................................................................5

*Walsh v. HNTB Corp.*,
    169 F.4th 330 (1st Cir. 2026)...................................................................................4

*Williams v. Memphis Light, Gas & Water*,
    No. 23-5616, 2024 WL 3427171 (6th Cir. July 16, 2024)........................................6

**Statutes**

Title VII, 42 U.S.C. § 2000-e(2)(a)(1) .......................................................................3, 10

**Other Authorities**

29 C.F.R § 1608.1 ...........................................................................................................10

Exec. Order No. 11246, 30 Fed. Reg. 12,319 (Sept. 28, 1965) ......................................10

Fed. R. Civ. P. 8(a)(2).................................................................................................2, 3

Fed. R. Civ. P. 12(b)(6).......................................................................................1, 2, 3, 10

Fed. R. Civ. P. 56.............................................................................................................11

Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC"), submits this response in opposition to Defendant Coca-Cola Beverages Northeast, Inc.'s Motion to Dismiss the EEOC's complaint. *See* Def. Mot. to Dismiss and Supporting Memo. of Law (collectively, "Motion" or "MTD"), Dkt. Nos. 6, 6-1.

## I.    PRELIMINARY STATEMENT

The EEOC's Complaint is straightforward and sufficiently and plausibly pleads a violation of Title VII.  *See* Dkt. No. 1.  Rather than address *that* Complaint, Defendant largely admits its intentional discrimination, quibbles with the facts as alleged, and posits the existence of possible defenses based on assertions of alleged facts outside the four corners of the Complaint.  To the extent the Motion focuses on Fed. R. Civ. P. 12(b)(6) standards at all, Defendant argues that the EEOC: (1) failed to allege harm sufficient under *Muldrow v. City of St. Louis, Missouri*, 601 U.S. 346 (2024), MTD at 8, and (2) failed to plead facts sufficient to plausibly allege an entitlement to punitive damages, *see* MTD at 12-13.  Defendant's arguments fail, and for the reasons set forth below, its Motion should be denied.

## II.    PERTINENT FACTS ALLEGED IN THE COMPLAINT.

Defendant produces, sells, and distributes Coca-Cola brand beverages in seven states within the Northeast United States.  Complaint ¶ 13(a).  The Charging Party is a male production employee who works at Defendant's Londonderry, New Hampshire facility. *Id.* ¶ 13(b).  From September 10, 2024 to September 11, 2024, Defendant held an employer-sponsored trip and networking event at the Mohegan Sun and Casino in Connecticut ("Employer-Sponsored Event"). *Id.* ¶ 13(c).  It is undisputed that Defendant privately invited female employees to the attend the event but did not invite male employees.  *Id.* ¶ 13(d) and (e).

1

The Employer-Sponsored Event featured a social reception, team building exercise, and recreational activities for female participants. *Id.* ¶ 13(f). Participants also had the opportunity to hear from speakers such as Jennifer Mann, President of Coca-Cola's North America Operating Unit, and corporate executives from other companies, who all discussed their career paths. *Id.* ¶ 13(g). Defendant excused the approximately 250 female employees who attended the work trip from their normal work duties at its facilities without charge to leave or other paid time off and paid them their normal salary and wages. *Id.* ¶¶ 13(h), (k). Defendant also paid for hotel rooms and associated taxes to stay at the Mohegan Sun on September 10, 2024, and provided other benefits to those female attendees, including food and beverages. *Id.* ¶¶ 13(i), (j).

Male employees, who were not invited to the event, were not offered or provided with any of the benefits of attendance, including paid time off. *Id.* ¶ 13(h), (m). The Charging Party and other male employees would have attended the event had they been invited. *Id.* ¶ 13(l). The Complaint alleges that, as a result of being excluded, male employees suffered damages. *Id.* ¶ 13(n). The Prayer for Relief seeks injunctive relief, compensatory and punitive damages, and other relief. *Id.* § Prayer for Relief, ¶¶ A-G.

## III.    GOVERNING LEGAL STANDARDS

Dismissal of a complaint under Fed. R. Civ. P. 12(b)(6) is not appropriate if the complaint: (1) contains a short and plain statement of the claim as required under Fed. R. Civ. P. 8(a)(2) showing that the pleader is entitled to relief, and (2) contains enough information to state a facially plausible legal claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). A party meets this standard by alleging facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007)).

When considering a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), a court "must assume the truth of all well-plead facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F. 3d 1, 5 (1st Cir. 2007). "[T]here is no need to set forth a detailed evidentiary proffer in a complaint" to conform to the requirements of Fed. R. Civ. P. 8(a)(2) or meet the standard under *Twombly* and *Iqbal*. *Rodríguez-Reyes v. Molina-Rodríguez,* 711 F.3d 49, 54 (1st Cir. 2013). The Supreme Court has also made clear that a complaint in an employment discrimination lawsuit need not contain specific facts establishing a prima facie case of discrimination. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002); *see also Sisco v. DLA Piper LLP*, 833 F. Supp. 2d 133, 140-41 (D. Mass. 2011) (citing *Swierkiewicz* and denying a motion to dismiss a Title VII claim against the employer). The issue before this court "is not what the plaintiff is required ultimately to *prove* in order to prevail on her claim, but rather what she is required to *plead* in order to be permitted to develop her case for eventual adjudication on the merits." *Gorski v. New Hampshire Dep't of Corrections*, 290 F. 3d 466, 472 (1st Cir. 2002) (emphasis in original).

## IV.    ARGUMENT

### A. The Complaint Sufficiently Pleads That Male Employees Suffered Harm By Being Intentionally Excluded from an Employer-Sponsored Event Based on Their Sex.

#### 1. *The Complaint Comports with the Muldrow Decision.*

Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment" because of sex. 42 U.S.C. § 2000-e(2)(a)(1). The Supreme Court has held that a plaintiff need only show "some harm [from an employment action] to prevail in a Title VII suit." *Muldrow v. City of St. Louis, Missouri*, 601 U.S. 346, 350 (2024). Analyzing the phrase "discriminate against," the *Muldrow* court explained that Title VII targets practices that "treat[] a person worse" because of sex. *Id.* at 354

3

(citing *Bostock v. Clayton Cnty., Georgia*, 590 U.S. 644, 658, 681 (2020)).  Applying *Muldrow*, the First Circuit has held that "an adverse action is any employment event, regardless of its severity, in which an employer's conduct leaves an employee (1) 'worse off' (2) with respect to the 'terms [or] conditions' of their employment."  *Walsh v. HNTB Corp.*, 169 F.4th 330, 339 (1st Cir. 2026) (quoting *Muldrow,* 601 U.S. at 354-55).

The EEOC's Complaint alleges that "Defendant's exclusion of male employees from attending and participating in the event on September 10, 2024 and September 11, 2024 constitutes a denial of equal compensation, terms, conditions, or privileges of employment on the basis of sex." Complaint, at ¶ 14.  The *Muldrow* case has made clear that the phrase, "terms [or] conditions," covers more than the "economic or tangible." *Id*. at 354-55.  Specifically, the EEOC has alleged that male employees were denied participation in the Employer-Sponsored Event, which included an overnight stay at a casino and resort for a work-related purpose where colleagues from Defendant's facilities in seven Northeastern states were present.  *Supra* at § II. The EEOC further alleged that men were intentionally *not* invited to participate in Defendant's social reception, team-building exercises and recreational activities and excluded from the opportunity to hear from speakers, including Mann and other corporate executives, based on their sex. *Id.*

Being excluded from an employer-sponsored networking event most certainly renders male employees worse off than their female counterparts, as they were required to work in their normal jobs under routine working conditions, while female employees enjoyed a paid two-day work trip to a resort and casino where they were invited to network, socialize, engage in team-building exercises and other activities with colleagues from numerous facilities.  These allegations plausibly demonstrate harm connected to the "compensation, terms, conditions, or privileges of

4

employment" under Title VII.

Indeed, the Supreme Court has long held the phrase "'terms, conditions, or privileges of employment' evinces a congressional intent 'to strike at the entire spectrum of disparate treatment of men and women' in employment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (quoting *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 64 (1986)).   In his concurring opinion in *Muldrow*, Justice Brett Kavanaugh confirmed that "the text of Title VII does not require a separate showing of some harm. The discrimination is the harm."   *Muldrow*, 442 U.S. at 365.   He then noted examples of harm in the context of a job transfer that overlap with the allegations in the Complaint, including loss of "money, time… interest level, perks, professional relationships, [and] networking opportunities. . ."   *Id.*   One recent case highlights how the principles of *Muldrow* operate when the employer's intent to discriminate has been admitted, as it appears to have been here.   *Supra* at II; *see also* MTD at 5.   In *Staton v. DeJoy*, the court observed that some of the plaintiff's allegations could have appeared to have been "mere workplace disputes," but "if they were motivated by discriminatory animus" as the plaintiff had alleged in detail, "they are actionable."   No. 1:23-CV-03223-SBP, 2025 WL 42821, at *8 (D. Colo. Jan. 7, 2025) (applying *Muldrow* and denying motion to dismiss).

And while Defendant argues that neither male nor female employees lost pay on September 10-11, 2024, MTD at 11, the EEOC has alleged that male employees were denied the same paid time off that the female employees received to attend the event.   Paid time off is a form of employment compensation, and courts have recognized that differential treatment relating to paid time off can constitute an adverse employment action under Title VII.   *See, e.g., Mckeon v. Robert Reiser & Co., Inc.*, 693 F. Supp. 3d 101, 105 n.2 (D. Mass. 2023) (acknowledging the denial of paid time off as an adverse employment action alleged); *Thomas v. JBS Green Bay,* Inc., 120 F.4th

1335, 1337 (7th Cir. 2024) (applying *Muldrow* and remanding a complaint with allegations concerning the denial of preferred vacation schedule); *Biglow v. Boeing Co.*, 182 F. Supp. 2d 1037, 1054 (D. Kan. 2001) ("treating employees differently with respect to paid time off may constitute adverse employment action"). As such, the EEOC's Complaint meets the pleading standard set forth in *Iqbal* and *Twombly*.

### 2. *Defendant's Cases Demonstrate That Denial of the Motion is Appropriate.*

Defendant's reliance on non-binding, unpublished decisions citing *Muldrow* is unavailing. *See* MTD at 8-11. *Brown, Mills, Menchu,* and *Williams* were all decided on summary judgment, which evaluates the sufficiency of the evidence, not the sufficiency of the allegations. *Garcia–Catalan v. United States*, 734 F.3d 100, 104 (1st Cir. 2013) ("But summary judgment, like a trial, hinges on the presence or absence of evidence, not on the adequacy of the pleadings."). Rather, these cases confirm that dismissal is inappropriate, and that discovery is warranted to assess whether exclusion from the Employer-Sponsored Event based on sex constitutes an adverse action under Title VII. Several federal district courts have recognized that excluding employees from employer-sponsored events, such as company lunches or golf and tennis outings, can constitute actionable discrimination. *See e.g., Brown v. FCA US LLC*, No. 25-1405, 2025 WL 3657226, at *5 (6th Cir. Dec. 17, 2025) (discussing supervisor's decision not take plaintiff out to lunch); *Mills v. Amazon.com Servs., LLC,* No. 24-CV-0188-CVE-CDL, 2025 WL 861381, at *7 (N.D. Okla. Mar. 19, 2025) (discussing denial of pizza, Thanksgiving pies, secret Santa gifts and Amazon backpacks to employees during manager-led social events)*;Menchu v. Multnomah Cnty. Health Dep't*, No. 3:20-CV-00559-AR, 2024 WL 4242514, at *9 (D. Or. Aug. 16, 2024) (discussing exclusion from clinic social gatherings such as baby showers and birthday parties held in the workplace); *Williams v. Memphis Light, Gas & Water,* No. 23-5616, 2024 WL 3427171, at *5 (6th

6

Cir. July 16, 2024) ("[W]e do not doubt that some social events could be a condition of one's employment[.]"); *Allen v. Napolitano*, 943 F. Supp. 2d 40, 46 (D.D.C. 2013) (noting that the court "declined to dismiss this claim before discovery because [the plaintiff] could have developed evidence that the non-participation in certain meetings resulted in the requisite objectively tangible harm."); *Doria v. Cramer Rosenthal McGlynn, Inc.*, 942 F. Supp. 937, 946 (S.D.N.Y. 1996) (exclusion from company-sponsored lunches and golf and tennis outings constituted discrimination if exclusion was based on sex).

Likewise, Defendant's reliance on *Strong v. Fort Myer Constr. Corp.*, No. CV 25-1011 (SLS), 2025 WL 2643457 (D.D.C. Sept. 15, 2025) is not persuasive. In *Strong*, the court granted the defendant's Rule 12(b)(6) motion because the plaintiff had failed to allege that he was being discriminated against "because of his race." *Id.* at \*3. But analyzing the adverse action element, the court found the plaintiff's allegation that he "was frequently excluded from team activities and social gatherings" cleared "the bar to plausibly allege an adverse employment action[.]*" Id.* at \*2. Here, there is no dispute that the EEOC's Complaint alleges that male employees were intentionally excluded from the trip and networking event based on their sex, which clearly distinguishes it from *Strong*.

Defendant's Motion should be denied because it can be plausibly inferred from the well-pled allegations of the EEOC's Complaint that male employees suffered harm from being excluded from the Sponsored Event based on their sex.

### B. The "Prayer for Relief" for Punitive Damages is not Subject to Dismissal under Rule 12(b)(6).

Typically, a "Rule 12(b) motion tests the sufficiency of a claim and not a prayer for relief." *Johnson v. Rapid Sheet Metal, LLC*, 560 F. Supp. 3d 623, 629 (D.N.H. 2020) (internal citation and quotation omitted). It is well-settled that punitive damages are a remedy, and not an independent

7

claim or cause of action, and a "12(b)(6) motion is not an appropriate vehicle to test a plaintiff's entitlement to a particular form of relief." *Mount Prospect Acad., Inc. v. Philadelphia Indem. Ins. Co.,* No. 25-CV-056-LM-AJ, 2026 WL 686358, at *3 (D.N.H. Mar. 11, 2026); *see also LeBlanc v. Banterra Bank*, No. 24-CV-352-LM-AJ, 2025 WL 1295284, at *2 n. 3 (D.N.H. Feb. 28, 2025) (same); *D.V.D. v. U.S. Dep't of Homeland Sec.*, No. CV 25-10676-BEM, 2026 WL 521557, at *20 (D. Mass. Feb. 25, 2026) (same). For this reason alone, the Court should deny the Motion with respect to the EEOC's demand for punitive damages.

But even if this Court rejects this argument, striking references to punitive damages at this stage of litigation would be premature. Punitive damages are available under Title VII "where an employer engages in intentional discrimination with 'malice or reckless indifference *to the plaintiff's federally protected rights.*'" *Che v. Massachusetts Bay Transp. Auth.*, 342 F.3d 31, 41 (1st Cir. 2003) (quoting *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 534 (1999)) (emphasis in original). "[A]cts of intentional discrimination are just the sort of conduct that punitive damages are aimed to deter." *DiMarco–Zappa v. Cabanillas,* 238 F.3d 25, 38 (1st Cir. 2001).

In this case, the Complaint adequately states that the "unlawful employment practices" set forth in Paragraph 13(a)-(n) were "intentional," *see* ¶ 16, and were done "with malice or reckless indifference to the federally protected rights of male employees," *see* ¶ 17. Defendant has already acknowledged that it intentionally excluded male employees from attending the Employer-Sponsored Event, MTD at 2-3, and "[t]his circuit has held that under federal law the evidence of intent that is necessary to support a punitive damages award 'is the same [evidence of] 'intent' that is required for a finding of discrimination in the first place.'" *See Criado v. IBM Corp.*, 145 F.3d 437, 445 (1st Cir. 1998) (citations omitted). Therefore, Defendant's Motion to dismiss the EEOC's Prayer for Relief as it relates to the remedy of punitive damages should also be denied.

**C. Defendant's Disputes About the Facts Alleged and Attempts to Justify an Intentional Sex-Based Decision Do Not Challenge the Sufficiency of the Pleading.**

Defendant's mischaracterizations, introduction of factual assertions outside the four corners of the Complaint, and assertions of potential defenses do not bear on the sufficiency of the EEOC's pleading and, thus, do not support dismissal.

It is well settled that on a Rule 12(b)(6) motion, "a court ordinarily may only consider facts alleged in the complaint[.]" *Freeman v. Town of Hudson*, 714 F.3d 29, 35 (1st Cir. 2013) (citing *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir.1993)). This Court has noted that when an "argument depends upon facts not alleged in the complaint…it is not an argument that can be raised through a motion to dismiss pursuant to Rule 12(b)(6)." *Ferdinando Ins. Assocs., Inc. v. Inst. of Pro. Prac., Inc.*, No. C-93-83-B, 1994 WL 253377, at *3 n.3 (D.N.H. Mar. 21, 1994). As such, Defendant's recharacterizations of the allegations in the Complaint are of no moment under Rule 12(b)(6). *See, e.g.,* MTD at 5 (the Employer-Sponsored Event was a "one-time, one day event" rather than a two-day employer-sponsored trip and networking event held on September 10 and September 11 as alleged in the Complaint, ¶ 13(b)); MTD at 11 (men and women were paid the same, rather than the Complaint alleging that "Defendant excused female employees… from their normal work duties on September 10 and 11, 2024, and paid them their normal salary or wages without requiring them to use vacation or other paid time off," *Id.* ¶ 13(h)). Disputing the facts alleged does not equate to showing that the facts alleged do not plausibly infer sex discrimination under *Iqbal* or *Twombly*. Fact disputes are resolved after discovery through dispositive motions and do not support dismissal of the Complaint.

Similarly, Defendant suggests that its intentional decision to exclude male employees from the Employer-Sponsored Event is justified because it was a "lawful affirmative effort" designed to address a "self-identified manifest imbalance," MTD at 5, and/or because the Sponsored Event

9

complied with EEOC Regulations regarding affirmative action plans, 29 C.F.R § 1608.1 and Exec.

Order No. 11246, 30 Fed. Reg. 12,319 (Sept. 28, 1965) (rescinded by Exec. Order No. 14173).[1]

*See* MTD at 2.  However, potential defenses to the EEOC's well-pled allegations are not properly

considered under Rule 12(b)(6).  *Kmart Corp. v. Seguros Triple-S, Inc.*, No. CIV. 12-1626C-CC,

2013 WL 4647564, at *2 (D.P.R. Aug. 28, 2013) (defendant's argument disputing liability "must

be raised in a motion for Summary Judgment, not a Rule 12(b)(6) motion"). The now-revoked

Executive Order 11246 and 29 C.F.R. § 1608.1 do not allow an employer to bypass Title VII

liability simply upon invocation.  If Defendant intends to dispute the allegations raised in the

Complaint or introduce evidentiary theories refuting its liability under Title VII, the EEOC must

be afforded an opportunity to conduct discovery on these theories and asserted defenses.

*Blackstone Realty LLC v. F.D.I.C.*, 244 F.3d 193, 197 (1st Cir. 2001) (citing *Aldahonda–Rivera v.

Parke Davis & Co.*, 882 F.2d 590, 591 (1st Cir. 1989)) (denying Rule 12(b)(6) motion where

defendant raised affirmative defense which required discovery); *Facet Tech. Corp. v. TomTom

Int'l B.V.*, No. 24-CV-00111-PB, 2025 WL 315390, at *6 (D.N.H. Jan. 28, 2025) (denying motion

to dismiss where discovery was needed to evaluate defendant's equitable estoppel and invalidity

affirmative defense).

To the extent Defendant relies on *Raso v. Lago*, 958 F. Supp. 686 (D. Mass. 1997), *Shuford

v. Alabama State Bd. Of Educ.,* 897 F. Supp. 1535 (M.D. Ala. 1995), and *Barbera v. Metro-Dade

County Fire Dep't.*, 117 F. Supp. 2d 1331 (S.D. Fla. 2000), *see* MTD at 5-7, to support its argument

that the EEOC's Complaint fails to plausibly allege a violation of Title VII, that reliance is

seriously misplaced.  In citing these cases, Defendant attempts to support its argument that the

decision to exclude males from the event at issue is justified as a lawful "affirmative effort to

---

[1]  Exec. Order No. 11,246: https://www.archives.gov/federal-register/codification/executive-order/11246.html.

expand the pool of qualified applicants." MTD at 5. But the EEOC's Complaint does not allege disparate treatment in hiring or promotion and includes no allegations concerning Defendant's hiring practices whatsoever to which these arguments pertain. Further, these cases have questionable persuasive weight in this action. In *Raso*, the court examined policies relating to a federal housing project pursuant to 42 U.S.C. § 1983 and Title VI of the Civil Rights Act, not relating to a Title VII claim. 958 F. Supp. at 703-04. In *Shuford*, the district court analyzed a consent decree requiring defendant to set hiring goals for Black women and recruiting techniques and did not examine pleading standards or even whether liability had been established under Title VII. 897 F. Supp. at 1548. Finally, in *Barbera*, the district court analyzed, on summary judgment, whether a local fire department's affirmative action program, which modified a physical assessment test for female firefighter candidates, was lawful under Title VII. 117 F. Supp. 2d at 1333. As noted *supra*, authorities analyzing facts under Fed. R. Civ. P. 56 are inapposite regarding the Fed. R. Civ. P. 12(b)(6) standard generally and specifically as to whether the Complaint in this case is viable. Given the foregoing, Defendant's disputes about the facts and efforts to justify its decision do not bear on the sufficiency of the EEOC's complaint under *Iqbal* and *Twombly* and, therefore, do not support dismissal.

11

## V.     CONCLUSION

Because the EEOC's Complaint sufficiently and plausibly pleads a violation of Title VII, including some harm as a result, Defendant's Motion to Dismiss the Complaint should be denied in its entirety.  Alternatively, should the Court determine otherwise, the EEOC would seek the opportunity to amend its pleading.

Dated: May 4, 2026

Respectfully Submitted,

**EDUMIN CORRALES**
Trial Attorney
N.J. Bar No. 239492017

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Newark Area Office
Two Gateway Center, Suite 1703
283-299 Market Street,
Newark, New Jersey 07102
Tel: (862) 338-9424
edumin.corrales@eeoc.gov

**ELIZABETH A. FIGUEIRA**
Assistant Regional Attorney
N.Y. Bar No. 4498432

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004-2112
Telephone: (929) 506-5357
Elizabeth.Figueira@eeoc.gov

12

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P 12(b)(6)** was served via CM/ECF on May 4, 2026.

_____
Edumin Corrales